SMITH *versus* DONELSON.

1. This court is possessed of jurisdiction on writ of error, of a question arising on a motion to re-tax costs—involving the construction of the act of 1807.*

2. The statute of 1807, on the subject of taxing, in the bill of costs, the attendance of witnesses, in trials, does not exclude witnesses *summoned*, but not *examined*.

3. A motion for the taxation of costs, in reference to the act of 1807, must be submitted during the term, at which the particular judgment, on which the costs are sought to be taxed, is rendered.

4. The act of 1807, (above mentioned,) includes every material fact, arising in a cause, whether directly, collaterally, or incidentally; and the attendance of two witnesses, to every such fact, may legally be taxed in the bill of costs, whether examined, or not.

This was a motion, submitted by the plaintiff in error, to the county court of Franklin county, to re-tax the costs of a certain suit, decided between the parties, so as to exclude from the bill of costs, the

---

charges for attendance of such witnesses, as had not been examined, on the trial of said cause. The court below refused the motion, because the application came too late, having been made, at the term, next subsequent to that at which the trial was had.

It was contended, in this court, on writ of error, that the court below erred.

*Anderson and Hopkins*, for plaintiff:
*W. B. Martin*, *contra*.

TAYLOR, J.—A motion was made in the Circuit court by the defendant in error, for an order that the clerk should retax the costs.

It appears that the defendant in error, Donelson, had been sued by Smith, in an action of slander, and a verdict and judgment rendered in favor of Donelson; that a large number of witnesses had been summoned and depositions taken by both parties; that, on the trial, many of the witnesses for the defendant were not examined; that, in the bill of costs made out by the clerk, the amount of which is included in the execution, the costs of all the witnesses are embraced, and that the motion to retax, was made at the second term, or one year after the judgment was recovered.

The court below overruled the motion.

Before examining whether there is error in the proceedings, it is necessary to decide upon an objection to the jurisdiction of this court, made by the counsel for Donelson. It is, that this court will not entertain a writ of error, to reverse a judgment for costs, only.

This motion was made under the statute of 1807, which declares, that, "in any bill of costs, there

shall not be allowed the charges of attendance of more than two witnesses, to any one fact;" and on the ground that the costs of witnesses not sworn, could not be taxed against the opposite party. It is believed that the construction of that statute, is as much a matter for revision in this court, as of any other in our statute book, and when a motion of the kind is made in proper time, and it appears from the record, that the inferior court has given a construction to the law which is, by this court believed to be incorrect, such error would be corrected here.—Whether a motion to retax costs, because one party showed a disposition to oppress the other by summoning too many witnesses, would be, the subject of revision, it is unnecessary to determine; in this case the number summoned by each was equally great, therefore an intention to oppress cannot be presumed. The position that the costs of the witnesses not sworn, cannot be taxed against the opposite party, can not be sustained. Such a rule would have the effect, in many instances, of lengthening trials, not for the purpose of securing justice to the parties, but to authorise a recovery by the successful party, of the costs of his witnesses. This would be intolerable. It was so decided in the case reported in the North Carolina Law Repository, 515, and the inexpediency of a contrary doctrine, is apparent, as well as the frequent injustice which would be worked by it.

To have a taxation of costs made under the statute of 1807, it is certainly necessary that the application should be made during the term at which the trial is had. Under our Circuit court system, no two successive terms are held by the same judge, and it would be impossible for any other to deter-

mine how many points had arisen in the case to which it was necessary to introduce testimony. We believe that the statute applies as well to facts which may, collaterally or incidentally, arise in the progress of the trial, as such as are directly involved in the issue; and although only one witness may be examined as to some facts thus involved, yet, the party summoning them, if successful, would have a right to recover the costs of two in number for every material fact. As it is highly improbable that any other judge than the one who presided on the trial, can determine what material facts were involved in the investigation, so it is reasonable to suppose that after the lapse of six or twelve months, the recollection of the judge who presided, would be sufficiently clear and distinct on the subject.

But, it is said, that unless applications of this kind can be made after the trial term, the law is a dead letter: that it cannot be known, what witnesses are to be included in the bill of costs, until after the adjournment of the court, as they are allowed five days from that time, to make the necessary oath of their attendance.

In reply to this, it may be observed, that the subpœnas, and the subpœna-docket, will always afford ample means, to suitors, of ascertainining the number of witnesses summoned in the cause; and, if it appeared, that more than the proper number were summoned, an application should be made to the court, to instruct the clerk, on the subject.

The clerk certainly has no discretion to exercise, without such direction. It is his duty to insert in the execution all the costs which have accrued in the

case, and, therefore, it cannot be said, when he has done no more than this, that his taxation has been illegal.

The judgment is affirmed.